CHARLES W. TIPTON *v.* WARDEN, MARYLAND
HOUSE OF CORRECTION

[No. 984, September Term, 1974.]

*Decided September 22, 1975.*

The cause was argued before POWERS, LOWE and MASON,
JJ.

*Arnold M. Zerwitz, Assistant Public Defender,* with whom
were *Alan H. Murrell, Public Defender,* and *Dennis M.
Henderson, Assistant Public Defender,* on the brief, for
appellant.

*Gilbert Rosenthal, Assistant Attorney General,* with
whom were *Francis B. Burch, Attorney General, William E.
Brannan, State's Attorney for Baltimore County,* and *John
A. Austin, Assistant State's Attorney for Baltimore County,*
on the brief, for appellee.

POWERS, J., delivered the opinion of the Court.

Charles H. Tipton's petition for post conviction relief, Code, Art. 27, § 645A *et seq.*, was denied by Judge Albert P. Close, sitting in the Circuit Court for Baltimore County. We granted Tipton's application to this Court for leave to appeal. The case was placed on our regular appeal docket, and has been briefed and argued.

What appellant seeks to be relieved of are the judgments of conviction and sentences imposed on charges of assault with intent to murder, attempted subornation of perjury, and carrying openly a pistol with intent to injure another, after a non-jury trial on 13 and 14 November 1968 in the Circuit Court for Baltimore County before Judge John N. Maguire. We affirmed those judgments on direct appeal in *Tipton v. State,* 8 Md. App. 91, 258 A. 2d 606 (1969), *cert. denied,* 257 Md. 736 (1970).

The petition for post conviction relief now under review is Tipton's first. The grounds alleged below were:

a. That your Petitioner was not adequately represented by counsel at the trial of the case.

b. That he was not accorded a fair trial in that there was a fraud perpetrated at the time of trial, said fraud being either on the court or that the court was a part of said fraud. That while the intent was to be of benefit to your Petitioner, the effect was to deny your Petitioner a fair trial.

An affidavit sworn to by Tipton and filed in support of his petition is more illuminating. In the affidavit he swore:

"1. That your Petitioner retained W. Lee Harrison, Esquire, to represent him in Indictment #34199-03 Baltimore County, Maryland.

2. That your Petitioner at the suggestion and consent of said counsel, paid said counsel $2,000.00, that sum allegedly to be paid to the Judge hearing said case. the purpose of which

was either to secure a favorable decision or to secure a light sentence.

3. That your Petitioner believes that due to the interference of Arthur Hamilton, an agent for the F.B.I., the scheme was not successful.

4. That your Petitioner was tried and convicted and believes that:

    a. He was denied a jury trial upon the advice of counsel and he was under the impression that his case had been 'fixed.'

    b. That Petitioner's counsel failed to diligently pursue the defense of said case."

At the hearing below on his petition Tipton was represented by privately engaged counsel. The hearing before Judge Close was held on 8 and 9 August 1974. On 10 December 1974 Judge Close filed a Memorandum Opinion, and an Order denying the petition for post conviction relief. Both bore the date of 9 December 1974.

As required by Maryland Rule BK46 b. Tipton's application for leave to appeal included a statement of the reasons why the order should be reversed or modified. The issues in this appeal, however, are confined to those raised in the briefs. If any other issues were available, they have been waived. *Ricker v. Abrams*, 263 Md. 509, 516, 283 A. 2d 583 (1971). We shall consider the case within the scope of the Question Presented as appellant states it in his brief. He asks:

"Was Appellant denied a fair hearing on his post conviction petition by the hearing judge's refusal to make findings of fact on questions raised in the petition?"

Appellant's brief explains more fully the scope of the question he presents. He says:

"The various contentions raised by Appellant in the post conviction proceeding below involved three basic questions: (1) whether he knowingly, in-

telligently and voluntarily waived his right to trial by jury; (2) whether he was incompetently represented by counsel, and (3) whether he was denied due process of law because of improper conduct of counsel. The circumstance which gave rise to all three contentions was the purported existence of an agreement between Appellant and defense counsel at trial that the latter would 'fix' the case through bribery. Findings of fact as to the existence and nature of the alleged scheme and the circumstances which brought it into being are critical to a proper determination of the three questions. Appellant contends that he was induced to forego trial by jury by his belief 'that the fix was in,' and that counsel's involvement in the illegal agreement and/or representations precluded competent representation and a fair trial."

The position of appellant here is not that there was error in any finding of fact made by the hearing judge, but that the error was in not making findings of fact, as the cases require, on all contentions raised. Appellant does not ask that we grant ultimate relief, but that we remand the case to the hearing judge with directions that he make findings of fact on all issues raised.

The issues raised — waiver of a jury trial, competent representation by counsel, and denial of due process because of improper conduct of counsel — all arise from appellant's allegation that his trial was or was said to be "fixed", by payment of a bribe by his attorney to the trial judge.

Appellant insists that there had to be a finding of the truth or falsity of that fact before the hearing judge could focus proper judicial scrutiny on the constitutional issues. He asks that we remand the case for such a finding.

In his memorandum opinion filed with the order denying post conviction relief, Judge Close concluded that Tipton, "personally by way of knowing acquiescence, after advice, elected a court trial." Judge Close then reviewed in detail the evidence on the question of counsel's competency, and made

a finding that, "Petitioner has fallen far short of providing the proof required."

Appellant's contention that he was denied due process, and did not receive a fair trial because of his counsel's improper conduct is based squarely upon his claim that Mr. Harrison paid, or led Tipton to believe that he paid a bribe to Judge Maguire to obtain a favorable result in the trial. Judge Close found expressly that there was "no evidence that Judge Maguire received any money, participated in any way in the suggestion of receiving any money or heard or knew anything about any money to be paid as alleged."

These findings by Judge Close left open the single factual possibility, under Tipton's contentions, that Tipton was double crossed by his own attorney. For the purpose of deciding the petition before him, Judge Close saw, "no need to make any findings as to Mr. Harrison's involvement in this regard." Appellant insists here that he is entitled to a finding of fact on that issue.

Under the circumstances of Tipton's contentions, we decline to be drawn into the position of attempting to decide, or requiring the lower court to decide, in a collateral proceeding, the guilt or innocence of crime of a person who is not a party to this proceeding.

The reason for our ruling should be made clear. In our view, such a finding of fact, one way or the other, would be totally irrelevant to Tipton's right to post conviction relief. In asking that relief he says that he was not afforded the fair trial which was his right under the fundamental constitutional guarantee that every person accused of crime is entitled to a fair trial, with due process of law.

If Tipton's story that his trial was to be fixed by bribery should be found to be false, then the premise of his claim would disappear. If that story should be found to be true, it would demonstrate that what Tipton least wanted was a fair trial — that what he really sought was an unfair trial, a "fixed" trial.

The courts will not hear Tipton, or anyone else, complain

that he was denied a fair trial because he failed in his attempt to prostitute justice and have an unfair trial.

*Order affirmed.*